**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1959**

---

RAOUL D. LEE,

Plaintiff - Appellant,

versus

LOCKHEED MARTIN OPERATIONS SUPPORT,
INCORPORATED,

Defendant - Appellee,

and

LOCKHEED MARTIN CORPORATION; LOCKHEED MARTIN
TECHNICAL SERVICES, INCORPORATED,

Defendants.

---

**No. 05-1976**

---

RAOUL D. LEE,

Plaintiff - Appellee,

versus

LOCKHEED MARTIN OPERATIONS SUPPORT,
INCORPORATED,

Defendant - Appellant,

and

LOCKHEED MARTIN CORPORATION; LOCKHEED MARTIN
TECHNICAL SERVICES, INCORPORATED,

                                              Defendants.

————————————

Appeals from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   W. Earl Britt, Senior
District Judge.   (CA-03-742-BR)

————————————

Submitted:  September 13, 2006        Decided:  October 17, 2006

————————————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

Raoul D. Lee, Appellant/Cross-Appellee Pro Se.  Robert A. Sar, John
E. Branch, III, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC,
Raleigh, North Carolina, for Appellee/Cross-Appellant.

————————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Raoul Lee, a former employee of Lockheed Martin Operations Services, Inc. ("LMOS"), filed suit against LMOS, alleging:[1] (1) violation of Cal. Lab. Code Ann. § 970 (West 2003);[2] (2) promissory fraud; (3) intentional concealment and omission of known material facts; (4) negligent misrepresentation; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; (7) violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII"); and (8) violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634 (2000) ("ADEA"). The jury found for LMOS on all claims. The district court denied Lee's motion for new trial, and Lee appeals, giving rise to No. 05-1959.[3] LMOS cross-appeals, challenging the district court's application of choice of law principles, giving rise to No. 05-1976.

First, Lee asserts that the district court erred by issuing narrower jury instructions than those requested by Lee.[4]

---

[1]Lee filed suit both in California (alleging the tort and contract claims) and in North Carolina (alleging the discrimination claims). The California action was transferred to the Eastern District of North Carolina, and the cases were consolidated.

[2]A separate cause of action for violation of California public policy did not survive summary judgment.

[3]The Title VII and ADEA claims are not raised in this appeal.

[4]The district court's instructions focused on Lee's allegations in his complaint that LMOS promised a five-year term of employment and agreed to an "in good faith" provision in its offer

- 3 -

In diversity cases, the content of jury instructions is governed by state law, while the form of the instructions is governed by federal law. Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1293 (4th Cir. 1995). We review the jury instructions for abuse of discretion. Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1999). On review, jury instructions must be viewed as a whole, and even where jury instructions are flawed, there can be no reversal unless the error seriously prejudiced the plaintiff's case. Hardin, 50 F.3d at 1294, 1296. We have carefully reviewed the jury instructions in this case in light of the evidence presented at trial, and we find no reversible error.[5]

Lee next challenges a clarifying instruction[6] given in response to a question from the jury during deliberations. We review a district court's decision to respond to a jury's question,

---

letter that dictated the terms of Lee's employment were not "at will." Lee claims the district court's instructions gave short shrift to evidence of alleged misrepresentations, omissions, and false promises concerning the nature of the program for which he was hired, which was subject to a contract between LMOS and the Environmental Protection Agency.

[5]Similarly, we conclude the district court did not abuse its discretion by issuing instructions on at-will employment and mitigation of damages.

[6]After hearing argument from counsel for both parties, the district court decided to respond to the jury with the direction to resolve its question "by consideration of all the instructions I have previously given to you." The district court reasoned that because it could not discern the context of the jury's question, its response that the jury consider the instructions it had been given was best calculated to minimize the possibility of confusing the jury.

- 4 -

and the form of that response, for abuse of discretion. <u>United States v. Smith</u>, 62 F.3d 641, 646 (4th Cir. 1995). "[I]n responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." <u>Id.</u> An error requires reversal only if it is prejudicial in the context of the record as a whole. <u>See</u> <u>United States v. United Med. & Surgical Supply Corp.</u>, 989 F.2d 1390, 1406-07 (4th Cir. 1993). We conclude that the district court's response in this case was fair and accurate, and was certainly not prejudicial when judged on the record as a whole.

Lee also challenges the district court's denial of his Fed. R. Civ. P. 59(a) motion for a new trial. "[T]he granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge, and . . . his action thereon is not reviewable upon appeal, save in the most exceptional circumstances." <u>Aetna Cas. & Sur. Co. v. Yeatts</u>, 122 F.2d 350, 354 (4th Cir. 1941). Lee has offered no exceptional circumstances that would warrant a finding that the trial court abused its discretion. Thus, there was no error in denying the motion for a new trial.[7]

---

[7]Even viewing the facts in the light most favorable to Lee, the non-moving party, we find meritless Lee's contention that the district court erred in granting LMOS's Fed. R. Civ. P. 50(b) motion for judgment as a matter of law with respect to the availability of punitive damages on the California tort claims. <u>See</u> <u>Bryte ex rel. Bryte v. Am. Household, Inc.</u>, 429 F.3d 469, 479-80 (4th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 2026 (2006); Cal.

We affirm the judgment of the district court. In light of this decision, we have no occasion to address the claim presented in LMOS's cross-appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

Civ. Code Ann. § 3294 (West 2003) (explicating standard upon which punitive damages may be attained).